**SO ORDERED.**

**SIGNED this 09th day of March, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br><br>HARDWOOD P-G, INC., CUSTOM FOREST PRODUCTS, LTD., AND CUSTOM FOREST TRANSPORTATION, INC.<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>06-50057-C<br><br><br>CHAPTER 11 |
| HARDWOOD P-G, INC., CUSTOM FOREST PRODUCTS, LTD., AND CUSTOM FOREST TRANSPORTATION, INC.<br><br>*PLAINTIFFS*<br><br>v.<br><br>WRIGHT CAPITAL CORP.<br><br>*DEFENDANT* | ADV. NO. 06-5212-C |

**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

CAME ON for consideration the foregoing matter. Defendant moves for summary judgment, claiming that plaintiffs' case is barred because of defendant's affirmative defense under section 547(c)(2), the "ordinary course of business" defense.

Plaintiffs correctly state that section 547(c)(2) is an affirmative defense. Defendant has the burden of proof with respect to an affirmative defense. Thus, the defendant must put on evidence at trial to establish, by a preponderance of the evidence, each element of its affirmative defense. To prevail at the summary judgment stage, the defendant must prove that the summary judgment facts establish the defendant's case, and that there is no dispute with regard to those material facts.[1] Thus, defendants miscast the essential burden by suggesting that it is plaintiffs who must affirmatively *disprove* the defendant's alleged affirmative defense. To the contrary, it is the defendant who must *prove* each element of that defense, and must place before the court summary judgment evidence on each element of that defense.

Plaintiffs point out that the affidavit is incomplete. Defendant insists that it is quite complete. The error is obvious. Defendant did not upload the pages of the affidavit following the first page and preceding the signature page. As all filings in the district are electronic, all that counts is what is uploaded. The fact that the *original* of the affidavit may have had more pages is interesting, but not helpful. Until the entire affidavit is uploaded, all that the court has before it to consider (and all that the court would consider) is the partial affidavit now on file. That affidavit is insufficient to establish the elements of the defendant's affirmative defense. Further, the matter has been brought to the attention of the defendant, who has taken no further action to correct it. The court will rule based on what is before the court.

In all events, the affidavit in support of the plaintiffs' response to the motion demonstrates that there is indeed a question regarding whether payment was made in accordance with ordinary business terms within the meaning of section 547(c)(2). The issue is not whether the payments were

---

[1] Defendant has not put on any summary judgment evidence to challenge the basis for the plaintiff's claim that the transfers in question are avoidable under section 547(b). The sole basis for summary judgment urged here is what defendant believes to be uncontroverted evidence establishing its affirmative defense.

due pursuant to the note. The issue is whether the *transfers themselves* were in the ordinary course of business of the parties to the transaction. If there is a live issue of fact regarding that question, then summary judgment is not appropriate.

For the reasons stated, the motion for summary judgment is DENIED.[2]

# # #

---

[2] Plaintiffs also point out that the defendant improperly seeks judgment for attorneys' fees. Plaintiffs are correct as a matter of law. Although the plaintiffs have not formally moved for summary judgment on that point, failing to rule on the issue at this point would raise form over substance. Summary judgment is granted that defendant may not recover attorneys' fees in this action.